DOC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN CARLOS ROSA,

                      Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

17-cv-3344 (NSR)(JMC)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Jean Carlos Rosa ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for Supplemental Social Security Income benefits ("SSI"), finding him not disabled under the Social Security Act (the "Act"). This case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Defendant's motion and Plaintiff's cross-motion for judgment on the pleadings. (ECF No. 11, 16). Now before the Court is MJ McCarthy's R & R, recommending that Defendant's motion be denied, the Plaintiff's cross-motion be granted and that the case be remanded back to the Commissioner for further proceedings. (ECF No. 18.) The Parties had until August 27, 2018, to oppose the R & R but no opposition was filed. For the following reasons, the Court adopts MJ McCarthy's R & R in its entirety, Defendant's Motion for Judgment on the Pleadings is DENIED, and Plaintiff's motion is GRANTED to the extent of remanding the matter.

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

1

Plaintiff was born in December 1992. (AR-111). In February 2001, at the age of eight, Plaintiff was granted childhood SSI benefits based on a determination that Plaintiff was disabled with an onset date of November 1, 2000. (AR-111, 125). In 2010, upon reaching the age of eighteen, the Social Security Administration ("SSA") re-determined Plaintiff's eligibility for benefits under the adult disability standard. (AR-112-16). See 42 USC § 1382c(a)(3)(H0(iii). In April 2011, the SSA notified Plaintiff that he was not disabled, as defined by statute, as of June 30, 2011. (*Id.*) Plaintiff moved for reconsideration of the SSA's determination. (AR-118-22). The SSA held a hearing on December 11, 2012 wherein the Administrative Law Judge ("ALJ") upheld the agency's determination finding Plaintiff not disabled. (AR-123-41).

Plaintiff requested and was granted a hearing challenging the determination of ineligibility and a hearing was held on March 10, 204. (AR-25-46). In a written decision, dated March 26, 2014, Plaintiff was determined not to be disabled. (AR-9-24). Plaintiff sought review to the Appeals Council of that determination and provided additional evidence in support of his claim of disability. (AR1-4). The Appeals Council denied Plaintiff's request for review. (AR1-4). Plaintiff thereafter commenced this action.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation, the following statute applies:

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

> objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (*internal quotation marks omitted*). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (*citation omitted*).

**DISCUSSION**

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error.

An individual is deemed disabled under the Act if he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. See *Cichochi v. Astrue,* 729 F.3d 172, 176 (2d Cir. 2013) (*quoting* 42 U.S.C. § 423(d)(1)(A)). Additionally, the individual's physical or mental impairments must be of such severity that he or she is unable, considering their age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The SSA's regulations provide "a five-step sequential framework to guide the presiding administrative law judge in evaluating claims for benefits under the Act. *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (*citing* Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008)); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The framework provides:

    1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity;
    2. If not, the Commissioner considers whether the claimant has a 'severe impairment' which limits his or her mental or physical ability to do basic work activities;
    3.If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him [or her] disabled, without considering vocational factors such as age, education, and work experience;
    4. If the impairment is not 'listed' in the regulations, the Commissioner then asks whether, despite the claimant's severe impairments, he or she has residual functional capacity to perform his or her past work; and
    5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.
Id.; see also *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

It is well settled, "Social Security proceedings are inquisitorial rather than adversarial," thus it is the ALJ's legal obligation to thoroughly investigate the facts and develop the arguments both for and against the granting benefits. *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) (*citing Richardson v. Perales*, 402 U.S. 389, 400–401 (1971)). Mindful, however that the claimant bears the burden of establishing he or she is disabled, as defined by statute. *Cichocki v. Astrue*, 729 F.3d at 176 (*internal citations omitted*). To create an irrebuttable presumption of disability under regulations governing eligibility for Social Security Disability (SSD) benefits, claimant must either have a listed impairment, or one that is equal to a listed impairment. 20 C.F.R. §§ 404.1520(d), 416.920(d); *Shaw v. Chater*, 221 F.3d 126 (2d Cir. 2000). A district court's function in reviewing a denial of Social Security disability benefits is not to undertake *de novo* review of whether a claimant is actually disabled but rather to determine if the proper legal standards were applied and the decision is supported by substantial evidence (meaning more than a mere scintilla of evidence) in the factual record. See *Coleman v. Shalala*, 895 F. Supp. 50 (S.D.N.Y. 1995); *Toro v. Chater*, 937 F. Supp. 1083 (S.D.N.Y. 1996).

In the instant matter, MJ McCarthy determined that the ALJ failed to properly develop the record with respect to evidence proffered by Plaintiff's treating physicians, Dr. Fernando Taveras ("Dr. Taveras"), a psychiatrist, and LCSW Selena Jacobson-Perez ("LCSW Jacobson-Perez"), a psychotherapist. Dr. Taveras and LCSW Jacobson-Perez treated Plaintiff from on or about August 2013 through December 2015. Additionally, LCSW Jacobson-Perez completed a psychiatric questionnaire of Plaintiff in March 2016 wherein she provided a comprehensive overview of Plaintiff's mental state. Although the questionnaire was not submitted until Plaintiff sought review by the Appeal Council of the ALJ's denial determination, such evidence was relevant.[1] The SSA

---

[1] Since the Appeals Council denied Plaintiff's request for review, the ALJ's determination must be deemed the final decision. See *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (citing *Perez v. Chater*, 77 F.3d 41, 44

5

regulations permit a claimant to submit new and relevant evidence to the Appeals Council when requesting review of an ALJ's determination. See 20 CFR §§ 416.1470(a)(5) and 416.1468(a). Once relevant evidence is added to the record, the Appeals Council must consider the entire record, including the new evidence, and determine whether the "administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). As determined by MJ McCarthy, the ALJ's failure to fully develop the administrative record with respect to Dr. Taveras and LSCW Jacobson-Perez treatment of Plaintiff, resulted in sufficient gaps in the record warranting that the matter be remanded for further proceedings. Generally, the opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *Rosa v. Callahan*, 168 F.3d 72, 78–79 (2d Cir. 1999) (*citing Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)) (*internal citations omitted*); 20 C.F.R. § 404.1527(d)(2)); *see also Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir.1993). Neither the ALJ nor the Appeals Council discussed Dr. Taveras' diagnosis of the existence of a possible mood disorder. Nor was there adequate discussion of LSCW' Jacobson-Perez's treatment records and questionnaire. Based on the record as it currently exist, as MJ McCarthy found, the court is unable to determine whether proper weight was accorded to Plaintiff's treating psychiatrist and therapist. Having found no clear error, the Court adopts MJ McCarthy's R & R and remands the matter back to the SSA for further proceedings consistent with this Opinion and Order, and the R &R.

---

(2d Cir.1996)) (If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision).

**CONCLUSION**

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. Defendant's Motion for Judgment on the Pleadings is DENIED, Plaintiff's motion is GRANTED in part to the extent the action is remanded to the SSA for further proceedings consistent with the R & R. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 11 and 16, to remand the matter for further proceedings, to mail a copy of this Opinion to Plaintiff and to show proof of service on the docket.

Dated: October 3, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN